# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TARRIER STEEL COMPANY, INC.,**

    **Plaintiff,**

                                          Case No. 2:18-cv-528
                                          Judge Algenon L. Marbley
    **v.**                                  Magistrate Judge Elizabeth P. Deavers

**WESEX CORPORATION,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

      This matter is before the Court for consideration of the failure of Defendant Wesex Corporation's ("Wesex") failure to comply with Court Orders directing it to participate in this case through a licensed attorney. As the record reflects, the Court has advised Wesex three times that, as a corporation, it may only proceed through licensed counsel and twice cautioned that failure to do so would result in the recommendation that default be entered against it. (ECF Nos. 9, 12 and 17.) Nevertheless, Wesex did not appear through counsel as ordered at the September 11, 2018 conference. Instead, Greg Koledin, Wesex's principal, who is not an attorney, appeared for the conference. Mr. Koledin acknowledged the Court's previous Orders and recognized that default would be entered against Wesex as a result of the failure.

      More specifically, on July 10, 2018, counsel for Wesex moved to withdraw as attorneys. (ECF No. 8.) The Court allowed Wesex an opportunity to respond and first advised Wesex that it could not proceed as a corporation without an attorney. (ECF No. 9.) When Wesex did not respond, the Court granted the Motion to Withdraw as counsel for Wesex and directed the Clerk

to mail a copy of the Order via regular and certified mail to Wesex at the addresses listed on the Complaint. (ECF No. 12 at 1–2.) In the same Order, the Court specifically advised Wesex that it could only proceed in this litigation through licensed counsel. (*Id*. at 2.) The Court also scheduled a status conference for September 11, 2018, ordered Wesex to retain a trial attorney to appear on its behalf, and warned that failure to appear through counsel at the status conference would result in the recommendation that default be entered against Wesex and may ultimately result in default judgment against it. (*Id*.) When it granted Plaintiff and Defendant CCL Label Inc.'s Joint Motion to Conduct Status Conference by Telephone, the Court again ordered Wesex to retain a trial attorney to appear at the conference on its behalf and warned that failure to do so would result in the recommendation that default be entered against it. (ECF No. 17.)

Nevertheless, on September 11, 2018, Wesex did not appear at the status conference. (ECF No. 27 at 1.) Instead, its principal appeared and acknowledged that default would be entered against Wesex.

Under the present circumstances, it is therefore **RECOMMENDED** that the Court direct the Clerk to enter default against Defendant Wesex Corporation as to Plaintiff Tarrier Steel Company's Complaint (ECF No. 11) against it as well as Defendant/Cross-Claim Plaintiff CCL Label Inc.'s Cross-Claim (ECF No. 6). It is further **RECOMMENDED** that, once default is entered, that Plaintiff and Defendant/Cross-Claim Plaintiff be permitted to move for default judgment against Wesex Corporation.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report an recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waiver. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: September 17, 2018                    /s/ *Elizabeth A. Preston Deavers*
                                         ELIZABETH A. PRESTON DEAVERS
                                         UNITED STATES MAGISTRATE JUDGE