IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TARRIER STEEL COMPANY, INC.,**

    **Plaintiff,**

                                                                      Case No. 2:18-cv-528
                                                                      Judge Algenon L. Marbley
       **v.**                                                       Chief Magistrate Judge Elizabeth P. Deavers

**WESEX CORPORATION,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant and Cross-Claim Plaintiff CCL Label, Inc.'s ("CCL") Motion to Compel. (ECF No. 30.) For the reasons that follow, CCL's Motion to Compel is **DENIED**.

**I.**

CCL is the owner of a construction project located in Licking County, Ohio (the "Project"). (ECF Nos. ¶¶ 1, 3.) Defendant and Counter Defendant Wesex ("Wesex") served as the general contractor for the Project. (*Id.* at ¶ 2.) Plaintiff Tarrier Steel Company, Inc. ("Tarrier Steel") later contracted with Wesex to furnish and install certain materials for the Project. (*Id.*; Exhibit A, attached thereto.) Thereafter, a dispute arose between Wesex and CCL regarding the responsibility for change orders on the Project and application of payments made. (ECF No. 11 at ¶ 6.) Because of this dispute, CCL stopped issuing payments to Wesex and Wesex stopped issuing payments to its subcontractors, including Tarrier Steel. (*Id.* at ¶ 7.)

On March 8, 2018, Tarrier Steel filed an action against CCL and Wesex in the Court of Common Pleas for Delaware County, Ohio, which was removed to this Court on May 30, 2018, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (ECF No. 1.) After removal, CCL asserted a claim for breach of contract against Wesex. (ECF No. 6.) Wesex, a corporation that is not represented by counsel, failed to respond to either the Complaint or CCL's claim. (ECF No. 18.) On October 17, 2018, the Court directed the Clerk to enter default against Wesex on these claims. (ECF No. 20.) On October 23, 2018, the Clerk entered default against Wesex as ordered. (ECF No. 22.)

On October 24, 2019, the Court issued a Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b), ordering, *inter alia*, that all non-expert fact discovery be completed by March 30, 2019. (ECF No. 23 at 2.) Upon motion (ECF No. 27), the Court later extended the deadline for completing this discovery to April 30, 2019. (ECF No. 28.)

CCL represents that it served written discovery on Wesex on October 29, 2019, pursuant to Rules 26 and 34. (ECF No. 30-1 at 2; Exhibit A, ECF No. 30-2.) CCL also represents that on October 30, 2018, it served a notice of a Rule 30(b)(6) deposition on Wesex, setting a deposition date of December 4, 2018, which it later rescheduled, by amended notice dated November 14, 2018, to December 6, 2018. (ECF No. 30-1 at 2; Exhibit B, ECF No. 30-3; Exhibit C, ECF No. 30-4.) The certificates of service reflect that these documents were served "on all counsel of record and parties via electronic mail and/or U.S. mail, postage prepaid." (Exhibit A, ECF No. 30-2 at PAGEID # 454; Exhibit B, ECF No. 30-3 at PAGEID # 458; Exhibit C, ECF No. 30-4, at PAGEID # 464.) In its Motion, however, CCL further represents that it also served these discovery requests and deposition notices via email on Gregory Koledin, Wesex's registered agent. (ECF No. 30-1 at 2–3 (citing Exhibit D, ECF No. 30-5; Exhibit E, ECF No. 30-6; Exhibit

2

F, ECF No. 30-7).)  According to CCL, Wesex did not appear for the Rule 30(b)(6) deposition noticed for December 6, 2018, and has not responded to the written discovery requests.  (ECF No. 30-1 at 3.)

On March 18, 2019, CCL filed its Motion to Compel, seeking an order compelling Wesex to respond to CCL's written discovery requests and compelling the attendance of Wesex's authorized representative for a Rule 30(b)(6) deposition on April 15, 2019.  (ECF No. 30-1.)  CCL also asks this Court to "hold a hearing concerning, or issue an Order finding, that any of Wesex's and/or Mr. Koledin's failure to appear for the deposition as required shall result in a finding of contempt[.]"  (*Id*.)  Finally, CCL seeks costs and fees incurred in preparing the present Motion and incurred as a result of Wesex's failure to appear at CCL's first scheduled deposition.  (*Id*.)

## II.

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests.  Fed. R. Civ. P. 37(a)(1); *see also* S.D. Ohio Civ. R. 37.1 (same).  Having reviewed the record and documents supporting CCL's Motion, the Court is satisfied that, under the particular circumstances in this case, this requirement is satisfied.

## III.

CCL contends that the Court should grant its Motion to Compel because Wesex has not complied with its discovery obligations and "Wesex has no excuse for failing to either attend its deposition or respond to CCL's written discovery requests."  (ECF No. 30-1 at 4.)

CCL's arguments are not well taken. As previously noted, the Clerk entered default against Wesex on CCL's claim on October 23, 2018. (ECF No. 22.) "'Federal courts have consistently held that a defaulting defendant should be treated as a non-party with respect to any discovery sought.'" *Paisley Park Enter., Inc. v. Boxill*, No. 17-cv-1212, 2019 WL 1036059, at *2 (D. Minn. Mar. 5, 2019) (quoting *La Barbera v. Pass 1234 Trucking, Inc*., No. 2004-cv-1364, 2008 WL 2564153 *1 (E.D. N.Y. June 25, 2008)); *see also Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010) ("[A] defaulted party should be treated as a non-party."); *Allied Enter., Inc. v. Brillcast, Inc.*, No. 1:15-cv-749, 2015 WL 13122945, at *3 (W.D. Mich. Nov. 17, 2015) ("For discovery purposes, courts treat a defaulting defendant as a non-party."); *Harco Nat. Ins. Co. v. Sleegers Eng'g, Inc*., No. 06-cv-11314, 2014 WL 5421237, at *4 (E.D. Mich. Oct. 22, 2014) ("[N]on-parties who were originally parties—for example, a defaulting defendant—is nonetheless still treated as a non-party."); *Standard Mut. Ins. Co. v. Barkley*, No. 1:10-cv-251, 2012 WL 13081715, at *3 (N.D. Ind. Apr. 4, 2012) (After the clerk entered default against [defendant] Starks, he was a non-party for purposes of discovery."). The reason for such treatment has been explained as follows:

> Under the federal rules, a defaulting defendant loses many of the rights of a party, such as the right to receive notice of future proceedings (except when the defendant has appeared in the action), the right to present evidence on issues other than unliquidated damages, and the right to contest the factual allegations in the complaint. . . . Thus, by defaulting, a defendant can reasonably be regarded as having given up most of the benefits that status as a party confers. A defendant may chose to default for any number of reasons including, for example, cost, . . . or, as plaintiff in the present case points out, for reasons of strategy. However, once a defendant has made the decision to default and become, as it were, a non-party, it would not seem fair to force such defendant to participate in an action to a greater degree than could be required of other non-parties.

*Blazek v. Capital Recovery Assoc., Inc*., 222 F.R.D. 360, 361 (E.D. Wis. 2004) (internal citations omitted); *accord Jules Jordan*, 617 F.3d at 1159 (adopting *Blazek*'s reasoning and noting that

4

"[i]t stands to reason that if a defaulted defendant cannot answer allegations of the complaint, it also cannot respond to requests for admissions, at least until the default is vacated").

In addition, "[t]he Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices." *Jules Jordan*, 617 F.3d at 1158. For example, Rule 34 specifically limits to parties a request to produce documents. Fed. R. Civ. P. 34(a) ("A *party* may serve on any other *party* a request within the scope of Rule 26(b)[.]") (emphasis added). Conversely, "a *nonparty* may be compelled to produce documents and tangible things or to permit an inspection" through a subpoena pursuant to Rule 45. Fed. R. Civ. P. 34(c) (emphasis added); *see also* Fed. R. Civ. P. 45. Notably, Rule 30(b)(6) authorizes a party to name a nonparty deponent through a subpoena.

Here, because the Clerk entered default against Wesex on CCL's claim (ECF No. 22), the Court treats Wesex as a non-party as it relates to discovery. *Paisley Park Enter., Inc.*, 2019 WL 1036059, at *2; *Allied Enter., Inc.*, 2015 WL 13122945, at *3; *Standard Mut. Ins. Co.*, 2012 WL 13081715, at *3. CCL sought discovery from Wesex pursuant to Rules 30(b)(6) and 34 after Wesex defaulted and CCL has not established or even alleged that it sought information from Wesex pursuant to Rule 45. (*See generally* ECF No. 30-1.) Based on this record, the Court therefore cannot compel discovery from Wesex, a non-party for purposes of discovery. *Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 1183686, at *1 (E.D. Mich. Apr. 9, 2012) ("[T]he Court ultimately agrees with Defendant on its first, most basic argument—Plaintiffs' motion [to compel] is procedurally improper because the Court cannot grant a motion to compel discovery from a non-party when no underlying subpoena exists."); *Blazek*, 222 F.R.D. at 361–62 (denying motion to compel discovery from a defaulted defendant where the plaintiff did not seek the requested information through a subpoena pursuant to Rule 45); *see also Allied Enter., Inc.*, 2015

WL 13122945, at *3 (authorizing the plaintiff "to conduct discovery [of a defaulting defendant] in accordance with the rules governing non-party witnesses"); *IBEW Local Union 82 v. Union Lightning Protection*, No. 3:11-cv-208, 2011 WL 5190684, at *2 (S.D. Ohio Oct. 31, 2011) ("Further, insofar as Plaintiffs seek an Order directing [defaulted] Defendants to provide certain records, the Court concludes that such request is premature. Plaintiffs have failed to show that they have sought any discovery from ULP pursuant to the Civil Rules.") (citing *Blazek*, 222 F.R.D. at 360–62; Fed. R. Civ. P. 34(c) and 45).

## IV.

For the foregoing reasons, CCL's Motion to Compel (ECF No. 30) is **DENIED**.

**IT IS SO ORDERED.**

Date: April 11, 2019

/s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE