IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE TARRIER STEEL COMPANY : | |
| : | Case No. 2:18-cv-528 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| WESEX CORPORATION, *et al.* : | |
| : | |
| Defendants. : | |

**OPINION & ORDER**

This matter comes before the Court on Defendant CCL Label's Motion to Dismiss. (ECF No. 25). Plaintiff The Tarrier Steel Company ("Tarrier") filed a complaint against CCL Label, Inc. ("CCL") for unjust enrichment. Tarrier alleges that CCL did not pay Tarrier for construction work on CCL's project in Licking County, Ohio. CCL has filed a Motion to Dismiss, arguing that Tarrier has failed to state a claim. For the reasons below, the Motion to Dismiss is **DENIED**.

I.  BACKGROUND

CCL hired Wesex Corporation ("Wesex") to be the general contractor for CCL's construction project in Licking County, Ohio. (ECF No. 11 at ¶ 2). Wesex, in turn, contracted out some of the work to Tarrier. (*Id.*). Tarrier worked on the project for some time until a dispute arose between CCL and Wesex that led to CCL stopping payments to Wesex, and Wesex in turn stopping payments to Tarrier. (*Id*. at ¶¶ 6-7). By this point, Tarrier alleges it had performed $146,731.40 worth of work but was not paid. (*Id.* at ¶ 8). According to the Complaint, Wesex and CCL disagree as to the cause of the non-payment, with Wesex blaming CCL for not paying it the money to pay Tarrier, and CCL claiming that it had paid all of the money to Wesex and that Wesex had refused to pay Tarrier. (*Id*. at ¶¶ 9-10).

1

Tarrier sued both Wesex and CCL in Ohio state court for breach of contract, unjust enrichment, and violations of Ohio's prompt payment law. OHIO REV. CODE ANN. § 4113.61 (2011). This case was originally filed in the Licking County Court of Common Pleas. (ECF No. 11). CCL removed this case to federal court (ECF No. 1) and subsequently filed a Motion to Dismiss. (ECF No. 25). Tarrier has filed a memorandum contra, and this is now ripe for review.

## II. STANDARD OF REVIEW

Defendant CCL moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Under modern federal pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint will survive a motion to dismiss if the plaintiff alleges facts that "state a claim to relief that is plausible on its face" and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Iqbal*, 556 U.S. at 678. A complaint must thus "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable theory." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In assessing the sufficiency and plausibility of a claim, courts "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012) (quotation omitted).

## III. LAW & ANALYSIS

For its unjust enrichment claim to be successful under Ohio law, Tarrier must show that: (1) it conferred a benefit upon CCL; (2) CCL knew that it had a benefit; and (3) CCL retained the benefit even though circumstances dictated that it would not be just to do so without payment. *See Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298 (Ohio 1984). There is a low pleading standard for unjust enrichment claims, as "[a] claim of unjust enrichment does not … fail absent essentially fraudulent conduct by the defendant. Instead, the plaintiff must plead merely that 'it would be inequitable for the defendant to retain the benefit' or that 'retention of the benefit without payment therefor would be unjust.'" *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 684 F. Supp. 2d 942, 959 (N.D. Ohio 2009), as amended (Nov. 4, 2009) (citations omitted).

While evaluating Tarrier's complaint for sufficiency, this Court draws all justifiable inferences in their favor. *See Directv*, 487 F.3d at 476. Here, Tarrier pleaded that they conferred a benefit upon CCL when they asserted that "Wesex and CCL have received the benefits of labor and materials provided to the Project under circumstances wherein they should not retain said benefits without providing compensation to Tarrier." (ECF No. 11 at ¶ 17). Wesex and CCL allegedly benefitted by getting $146,731.40 worth of labor and materials without paying for it. (*Id.* at ¶¶ 17-18). Tarrier has pled sufficient facts to suggest CCL knew of the benefit. Because CCL and Wesex blame each other for not paying Tarrier, this implies knowledge of Tarrier's not being paid. (*Id.* at ¶¶ 9-10). The Sixth Circuit allows inferential allegations like this one to be sufficient in pleadings, because it is based in fact and not conclusory. *See Eidson*, 510 F.3d at 634 (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)) ("[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material

elements to sustain a recovery under some viable legal theory… Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.") (internal citation omitted). For the third requirement, that CCL unjustly retained the benefit, Tarrier pleaded that the money is still owed and has not been repaid and that it was wrong for CCL to have kept the labor and materials without paying. (*Id*. at ¶¶ 17-18).

In its Motion to Dismiss, CCL argues that because Tarrier alleged in its Complaint that "Wesex has received payment from CCL for labor and materials supplied to the project by Tarrier" the unjust enrichment claim must be dismissed because this pleading is an admission that CCL did not receive a benefit for which it had to pay. (ECF No. 11 at ¶ 21; ECF No. 35 at 4). To back up this assertion, CCL cites *Banks v. City of Cincinnati*, where the court held that:

> Where, as here, it is admitted in the complaint that the principal contractor was paid in full for all performance rendered at the construction site . . . it cannot be said in law that a tangible benefit was ultimately conferred upon the property owner by the absence of the reasonable compensation necessary to prevent unjust enrichment.

*Banks v. City of Cincinnati*, 508 N.E.2d 966, 969 (Ohio 1986) (citing *Pendleton v. Sard*, 297 A.2d 889 (Me. 1972); *Paschall's Inc. v. Dozier*, 407 S.W.2d 150 (Tenn. 1966)). However, this argument by CCL is unavailing.

A plaintiff may plead "in the alternative." Rule 8(d)(2) provides that a party "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." FED. R. CIV. P. 8(D)(2). To plead in the alternative, a plaintiff "need not use particular words, [but] they must use a formulation from which it can be reasonably inferred that this is what they were doing." *Gucwa v. Lawley*, 731 Fed. Appx. 408, 416 (6th Cir. 2018) (quoting *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000)).

4

Tarrier has structured their Complaint such that it may be reasonably inferred that it is pleading in the alternative. Tarrier first alleges it was not paid by either CCL nor by Wesex. This is the position Tarrier maintains for its first three counts, including the unjust enrichment claim. CCL's Motion to Dismiss addresses only the unjust enrichment claim – the third count – and, by this point in the Complaint, Tarrier has been internally consistent in its allegations that it was compensated by neither party.

In its fourth count, Tarrier alleges in the alternative that if CCL paid Wesex, then Wesex never passed that payment along and this would constitute a violation of Ohio's Prompt Payment law. The structure of the Complaint is important. In the fourth count, Tarrier realleges and reasserts all the earlier paragraphs – which, as CCL notes, are inconsistent with the assertions in the fourth count. This is why is it reasonable to conclude Tarrier is pleading in the alternative. But the structure is important for a further reason: Tarrier's allegations about unjust enrichment come in the third count. CCL's Motion to Dismiss addresses only the third count. By the third count of the Complaint, Tarrier has not stated its allegation that CCL paid Wesex; rather, before Count Three, Tarrier has been steadfast in alleging that both parties are delinquent.

For these reasons, Tarrier's Complaint meets the alternative pleading standard of Rule 8 and properly states a claim under Rule 12. Accordingly, CCL's Motion must fail. CCL addresses only the third count – unjust enrichment – and argues that a pleading inconsistency compels dismissal. But because there is no inconsistency through the third count, and because Tarrier may, in any event, plead in the alternative, Tarrier has properly stated a claim upon which relief can be granted.

## IV. CONCLUSION

For these reasons, the Court **DENIES** CCL's Motion to Dismiss. (ECF No. 35).

**IT IS SO ORDERED.**

          **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: June 24, 2019**