# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **THE TARRIER STEEL COMPANY,** : | |
| : | Case No. 1:18-cv-0528 |
| **Plaintiff,** : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| **WESEX CORPORATION, et al.,** : | |
| : | |
| : | |
| **Defendant.** : | |

## OPINION & ORDER

This matter is before the Court on Cross-Claim Plaintiff CCL Label, Inc.'s ("CCL") Motion for Default Judgment against Cross-Claim Defendant Wesex Corportation's ("Wesex"). (ECF No. 55). For the following reasons, CCL's Motion is **GRANTED.**

### I. BACKGROUND

Plaintiff Tarrier Steel Company ("Tarrier") filed this lawsuit in state court in March 2018, alleging breach of contract against Wesex and unjust enrichment against CCL. (ECF No. 11). In April 2018, Wesex filed an answer and a cross-claim against CCL for indemnification. (ECF No. 24). CCL removed this action to federal court based on diversity jurisdiction, answered Wesex's cross-claim and asserted its own cross-claim against Wesex for breach of contract and indemnification. (ECF Nos. 1, 6).

Wesex's counsel filed a motion to withdraw, which the Court granted, and ordered Wesex to retain new counsel before the September 11, 2018 status conference. (ECF No. 12). When Wesex failed to do so, Magistrate Judge Deavers issued a Report and Recommendation

that the Court enter default judgment against Wesex on Tarrier's complaint and CCL's cross-claim. (ECF No. 18). Wesex did not file an objection and this Court adopted the Report and Recommendation on October 17, 2018, which the Clerk entered on October 23, 2018. (ECF Nos. 20, 22). CCL now files this Motion for Default Judgment on Wesex's cross-claim for indemnification against CCL. (ECF No. 55). Wesex has not filed a response.

## II. LAW & ANALYSIS

Federal Rule of Civil Procedure 55(a) and (b) provides:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

(1) *By the Clerk*. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

  (B) determine the amount of damages;

  (C) establish the truth of any allegation by evidence; or

  (D) investigate any other matter.

 The Magistrate Judge's September 17, 2018 Report and Recommendation stated that the Court had "advised Wesex three times that, as a corporation, it may only proceed through licensed counsel and twice cautioned that failure to do so would result in the recommendation that default be entered against it." (ECF No. 18). Wesex failed to appear at the September 11, 2018 status conference. Instead, it's principal appeared and acknowledged that default would be entered against Wesex. (ECF No. 27 at 1). Wesex filed no objections to the Magistrate's Report and Recommendation and this Court issued an order adopting its reasoning on October 17, 2018. (ECF No. 20). The Clerk entered default against Wesex as to Tarrier Steel Company's Complaint (ECF No. 11) and CCL's Cross Claim (ECF No. 6). (ECF No. 22).

 CCL argues that default should likewise be entered against Wesex on its claim for indemnification against CCL because Wesex is in default for failure to "plead or otherwise defend" the claim under Rule 55(a). (ECF No. 55 at ¶¶ 8-10). Further, CCL requests a default judgment in the amount of $22,000 for "damages incurred as a result of resolving Tarrier's claims" and $56,467.52 for CCL's attorneys' fees and costs associated with Wesex's breach of its contractual obligations to indemnify CCL for Tarrier's claims. (ECF No. 54 at 4). CCL also requests post-judgment interest on the judgment pursuant to 28 U.S.C. § 1961. (*Id.*).

 This Court finds Wesex in default on its claim for indemnity against CCL. Just as default was entered against Wesex on Tarrier's complaint and CCL's cross-claim (ECF Nos. 20, 22), Wesex is likewise in default on its claim for indemnity because it has failed to litigate this case since 2018 or obtain new counsel in spite of multiple court orders. (*See* ECF Nos. 18, 20). The

3

Clerk is hereby **DIRECTED** to enter default against Wesex on its claim for indemnity against CCL (ECF No. 24).

### A. Damages

On a Rule 55(b) motion for default judgment, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven*." Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, No. 3:11-CV-460, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (quoting *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09–cv–0298 MCE DAD, 2010 WL 3341566, at *1 (E.D.Cal. Aug.23, 2010)). CCL attached a Settlement Agreement ("Agreement") with Tarrier as Exhibit A to its Motion. (ECF No. 54 Ex. A). The Agreement states that in 2015, Wesex entered into an agreement with CCL where Wesex agreed to design and build a new production and office facility. (*Id.*). Wesex entered into a subcontract with Tarrier to provide materials for the project. Tarrier alleged it was not paid for its work and that CCL was unjustly enriched. (*Id.*). Tarrier agrees to accept and CCL agrees to pay Tarrier a sum in the amount of $22,000. (*Id.*). CCL now seeks that amount in damages from Wesex in this default judgment action.

This Court finds CCL has provided sufficient evidence to support its claim for damages against Wesex and may seek damages from Wesex for the contract amount with Tarrier. Pursuant to CCL's contract with Wesex, CCL has a right to hold Wesex liable for costs and expenses related to claims brought against CCL. (ECF No. 55 at ¶ 15; ECF No. 6-1 at 210 (CCL-Wesex Contract ¶ 7.3.1)). According to the settlement agreement with Tarrier, the cost of settling the claims against CCL is $22,000. (ECF No. 54 Ex. A). Because CCL's damages are readily ascertainable from the evidence provided, the Court may enter default judgment in said amount pursuant to Rule 55. *See, e.g., Hitachi Med. Sys. Am., Inc. v. Lubbock Open MRI, Inc.*, No. 5:09-

CV-847, 2010 WL 5129311, at *1 (N.D. Ohio Dec. 10, 2010) ("[r]ule 55 does not require an evidentiary hearing as a perquisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained by computation on the record before the Court"). Wesex is therefore **ORDERED** to pay damages to CCL in the amount of $22,000.

### B. Attorneys' Fees

To determine the reasonableness of attorneys' fees, the Court will use the "lodestar" method: "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods. Inc.*, 515 F.3d 531, 551 (6th Cir. 2008).

CCL submitted billing statements for $53,728.20 in attorneys' fees and $2,739.32 in litigation costs for a total of $56,467.52. (ECF No. 54). The billing statements include time records in one-sixth of an hour increments, descriptions of the work completed and fees incurred, the time keepers' hourly rates, and a declaration from a partner at Benesch, William Schonberg, attesting to the reasonableness of the rates and hours billed. (ECF No. 54 Ex. B). Attorney Jonathon Korinko, an eighth-year associate at Benesch, billed at $316 an hour. (*Id.* at 3). He recorded 169.5 hours in the Tarrier litigation on CCL's behalf, which constitutes 85% of the fees. (*Id.*). This Court has found similar rates reasonable. *Geary v. Green Tree Servicing, LLC*, No. 2:14-cv-522, (S.D. Ohio Dec. 6, 2017) (associate billing $325 an hour). The other 15% was billed by Richard Kalson at $460 an hour, Kevin Capuzzi at $344-370 an hour, Susan White at $348 an hour, and Donald McCann at $237 an hour. (ECF No. 54 Ex. B). Mr. Korinko's May 31, 2018 and June 28, 2018 invoices calculates his fees at $340 an hour. (ECF No. 54 Ex. B at 12, 16). Because the remainder of Mr. Korinko's hours are billed at $316 and because, according to Mr. Schonberg's declaration, $316 an hour is "Benesch's preferred-client billing rate for Mr.

5

Korinko's services to CCL for and in connection with the Tarrier litigation," (*Id.* at 4), this Court exercises its discretion in awarding attorneys' fees to calculate all of Mr. Korinko's hours at $316 an hour. This amounts to a total of $55,663.72 in attorneys' fees and costs (rather than CCL's requested $56,467.52).

With this adjustment, the Court finds CCL's request for attorneys' fees and costs reasonable. While some of the descriptions of time entries are brief, the Sixth circuit has "held that explicitly detailed descriptions are not required." *Imwalle*, 515 F.3d at 554 (citing *McComb v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005)). Here, CCL's has provided 60 pages of itemized billing records which the Court finds are sufficiently detailed to assess their reasonableness, in that they "specify, for each entry, the date that the time was billed, the individual who billed the time, the fractional hours billed (in tenths of an hour), and the specific task completed." *Id.* at 553. Each counsel's entries are listed separately and not lumped together and appear to be maintained contemporaneously with the work completed. *Id.* at 554. The Court therefore finds the request for attorneys' fees reasonable. Because Wesex has been found in default and has not succeeded on any of its claims, this Court finds no need to make a downward adjustment. *See Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004).

### III. CONCLUSION

For these reasons, CCL's Motion for Default Judgment against Wesex (ECF No. 55) is **GRANTED.** The Clerk is hereby **DIRECTED** to enter default against Wesex on its claim for indemnity against CCL (ECF No. 24). Wesex is **ORDERED** to pay $22,000 in damages and $55,663.72 in attorneys' fees and costs to CCL.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATE:  June 1, 2020**